IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CRYSTAL BONAR,**

        **Plaintiff,**

  vs.                                      Civil Action 2:08-CV-560
                                                   Magistrate Judge King

**JUDITH ROMANO, M.D.,** *et al.***,**

        **Defendants.**

## OPINION AND ORDER

In the parties' Rule 26(f) Report, Doc. No. 8, the parties consented to disposition of this case by the undersigned, pursuant to 28 U.S.C. §636(c). *Id.* The matter was thereafter transferred from the docket of the District Judge to the docket of the undersigned. *Order,* Doc. No. 9. On March 26, 2010, the Court entered an *Opinion and Order* denying defendants' motion for summary judgment. *Opinion and Order,* Doc. No. 59. On April 7, 2010, defendants filed an "objection" to that decision pursuant to the provisions of F.R. Civ. P. 72.

Because the *Opinion and Order* denying defendants' motion for summary judgment was not a recommended disposition, Rule 72 does not apply to the Court's decision.

Moreover, even construing the "objection" as a motion to reconsider, the Court concludes that the motion is without merit. Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for a district court to hear such motions is found in both the common law and in Rule 54(b) of the Federal Rules of Civil Procedure. *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 Fed. Appx. 949, 952 (6th Cir.

2004). *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 12 (1983)("Every order short of a final decree is subject to reopening at the discretion of the district judge"); *Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6th Cir. 1991)("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.") Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence; or, (3) a need to correct a clear error or prevent manifest injustice. *Rodriguez,* at 959. (citing *Reich v. Hall Holding Co.,* 990 F.Supp. 955, 965 (N.D. Ohio 1998)). However, a motion for reconsideration "should not be used to re-litigate issues previously considered." *American Marietta Corp. v. Essroc Cement Corp.,* 59 Fed. Appx. 66, 671 (6th Cir. Feb. 19, 2003).

Defendants do not point to a change of controlling law or new evidence, but merely offer arguments and issues previously presented to -- and rejected by -- this Court.

Defendants' "objection," Doc. No. 61, is therefore **DENIED.**


April 7, 2010                    *s/Norah McCann King*
                                  Norah M$^c$Cann King
                          United States Magistrate Judge